# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 11 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

**RUBY THOMPSON**                                                                                    **PLAINTIFF**

V.                                    CIVIL ACTION NUMBER 2:16cv7-KS-MTP

**ELLIOTT NIPPER, M.D. AND**
**SOUTHERN BONE & JOINT SPECIALIST, P.A.**                              **DEFENDANT**

## COMPLAINT

**COMES NOW**, the plaintiff, Ruby Thompson, by and through legal counsel, makes this her Complaint against the defendants herein for cause of action would respectfully show unto the court he following, to-wit:

### PARTIES AND JURISDICTION

### I.

The plaintiff, Ruby Thompson, is an adult bona fide resident citizen of the State of Louisiana residing at 2505 Painters Street, New Orleans, Louisiana, 70147.

The defendant, Elliott Nipper, M.D., is an adult bona fide resident citizen of the State of Mississippi, and may be served with process of this court at his place of employment being Southern Bone & Joint Specialist, P.A., 3688 Veterans Blvd Drive, Suite 200, Hattiesburg, MS 39401.

The defendant, Southern Bone & Joint Specialist, P.A., is a domestic professional association operating by virtue of the laws and statutes of the State of Mississippi, and who may be served with process of this court by way of serving its registered agent for service of process, Mr. David Burckel, 3688 Veterans Blvd Drive, Suite 200, Hattiesburg, MS 39401.

The defendant, Southern Bone & Joint Specialist, P.A., is a professional association in which the defendant, Elliott Nipper, M.D., is a member, and the defendant, Elliott Nipper, M.D., was acting within the course and scope of his employment with the defendant, Southern Bone & Joint Specialist, P.A., during all pertinent times herein.

This court has jurisdiction of this matter as there exists complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, pursuant to Section 28 U.S.C. Section 1332.

## FACTS

### II.

The plaintiff would show unto the court that on or about the 26th day of July, 2010, the defendant herein, Elliott Nipper, M.D., while acting within the course and scope of his employment with the defendant, Southern Bone & Joint Specialist, P.A., performed an arthroplasty on the plaintiff's right hip. The plaintiff would show unto the court that the defendant, Elliott Nipper, M.D., failed to properly perform the arthroplasty, and as a direct and proximate result of the defendant, Elliott Nipper, M.D.'s, breach of the standard of care, in failing to properly perform the arthroplasty, her right leg became significantly longer than her left leg.

### III.

The plaintiff would show unto the court that following the arthroplasty on July 26, 2010, the plaintiff suffered significant leg and pelvic pain. The plaintiff would show unto the court that the defendant, Elliott Nipper, M.D., advised her that her continuing leg and pelvic pain were a result of a back or spinal problem. The plaintiff would further show that the defendant referred the plaintiff to his partner, Dr. Michael Patterson, the defendant, Southern Bone & Joint Specialist, P.A.'s back doctor, for treatment of a back condition.

**IV.**

The plaintiff would further show unto the court that she continued to suffer extreme pain in her right leg and pelvic area as a direct and proximate result of the defendants' negligence, and did not learn until January 17, 2014, when she came under the care of Dr. George F. Chimento, M.D., in New Orleans, Louisiana, that her leg and pelvic area pain was not the result of a back or spinal problem, but a significant leg length discrepancy as a direct and proximate result of the arthoplasty performed by the defendant, Elliott Nipper, M.D., on the 26th day of July, 2010.

**V.**

The plaintiff would show unto the court that on the 11th day of February, 2014, Dr. George F. Chimento, M.D., performed a revision arthroplasty on the plaintiff's right hip, and that subsequent to said revision the plaintiff has experienced little, if any, pain in her right leg or pelvic area, having made an almost complete recovery from the arthoplasty performed by the defendant herein on the 26th day of July, 2010.

## CAUSES OF ACTION

**VI.**

The defendants herein are liable to the plaintiff under the following causes of action:

A.   Failing to meet the standard of care of a mentally competent physician in the care and treatment of the plaintiff;

B.   Outrageous Conduct;

C.   Intentional Infliction of Emotional Distress;

D.   *Respondeat Superior*;

E.   *Vicarious liability*;

F.   Other causes of action which may be discovered during the course of discovery or trial of this matter.

## DAMAGES

### VII.

The plaintiff would show unto the court that as a direct and proximate result of the defendants' negligence, that she has sustained past mental and physical pain and suffering and past medical expenses, and loss of enjoyment of life.

## CERTIFICATION

### VIII.

The undersigned hereby certifies that he has complied with §11-1-58(1)(2) of the Mississippi Code of 1972, Annotated, as Amended, and Mississippi Code §15-1-36(15) Code of 1972, Annotated, as Amended, before the filing of this complaint.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff prays that the clerk accept and file this her complaint, issue process on the defendants herein in accordance with law, and that upon a trial hereon she be awarded damages in a sum which would reasonably compensate her for her losses sustained, legal interest, and all cost of court incurred herein.

Respectfully submitted on this the _____ day of January, 2016.

RUBY THOMPSON

By: _____
EDWIN L. BEAN, JR.
Attorney At Law
729 Delaware Avenue (39648)
P. O. Box 1322
McComb, MS 39649-1322
601/684-7780
601/684-7778 (fax)
MS Bar No. 2242
E-mail: ebean@edwinlbean.com